STATE OF NORTH CAROLINA v. RONALD E. GIBSON
— AND —
STATE OF NORTH CAROLINA v. MELVIN DEWALT

No. 7226SC248

(Filed 2 August 1972)

1. Arrest and Bail § 3— arrest without warrant — misdemeanor in offi-
cers' presence

Police officers had reasonable grounds to believe that one defend-
ant was actively aiding and abetting the second defendant in the
misdemeanor of window breaking, and the officers lawfully arrested
both defendants without a warrant for a misdemeanor committed in
their presence, where the officers observed the second defendant break
a window of a clothing store at 1:00 a.m. while the first defendant
was standing beside him, both defendants then moved across the street
and later returned to the scene of the broken window, both defendants
left when a police car appeared, and officers found defendants to-
gether in a restaurant some fifteen minutes later. G.S. 15-41, G.S.
15-54(b).

2. Searches and Seizures § 1— search incident to arrest — continuation
at police station

Where the arrest of defendants without a warrant was lawful,
and officers cut short the initial search of defendants at the arrest
scene because of a growing and hostile crowd, the quick initial search
of defendants at the scene of the arrest and the continuation of that
search at the police station were lawful searches incident to defend-
ants' arrest.

APPEAL by defendants from *Fountain, Judge,* 30 August
1971 Schedule "D" Criminal Session of Superior Court held in
MECKLENBURG County.

By separate bills of indictment, proper in form, defend-
ants, Ronald E. Gibson and Melvin Dewalt, were each charged
with (1) felonious breaking and entering the building occupied
by S. N. Hall, a sole proprietor trading as Hall's Clock Shop,
234 North College Street, Charlotte, N. C., and (2) felonious
larceny after such breaking and entering. Without objection the

cases were consolidated for trial. Both defendants pleaded not guilty. The State's evidence was in substance as follows: The proprietor of Hall's Clock Shop testified that he locked his place of business about 5:30 p.m. on 2 February 1971. When he returned at 9:05 a.m. the next morning, the lock on the door had been broken, the door cracked open, and certain watches and tools which had been on the premises when he left on the preceding afternoon were missing. He did not know the defendants and had not given either of them permission to enter his place of business. City of Charlotte police officers testified that they arrested the two defendants at approximately 1:15 a.m. in the early morning of 3 February 1971 when the officers observed them sitting together at the counter of the White Tower Restaurant on North Tryon Street. As the officers approached, the defendants stood up and the officers saw a pair of needlepoint pliers and a small screwdriver, later identified as being among the tools missing from Hall's Clock Shop, fall to the floor from underneath defendant Gibson's coat. At the scene of the arrest the officers "patted down" the outside of the defendants' clothing, but did not search them thoroughly, since a crowd quickly gathered and the officers wanted to get the defendants away before the crowd grew larger. As a result of the search made at the scene of the arrest, the officers found an additional screwdriver and two additional pairs of pliers, also later identified as coming from Hall's Clock Shop, on the person of defendant Gibson. After the officers took the defendants to the police station, a search of their pockets resulted in the discovery of watches from Hall's Clock Shop on both defendants.

Both defendants testified and denied any involvement in the break-in at Hall's Clock Shop and denied that any articles from the shop had been found on their persons.

The jury returned verdicts finding each defendant guilty as charged. From judgments on the verdicts imposing prison sentences, the defendants appealed.

*Attorney General Robert Morgan by Associate Attorney William Lewis Sauls for the State.*

*James, Williams, McElroy & Diehl, by William K. Diehl, Jr., for defendant appellants.*

PARKER, Judge.

Appellants assign error to the trial judge's ruling that the arrest and search of defendants was lawful and that evidence obtained by the search was admissible. Before so ruling the trial judge conducted a *voir dire* examination at which both the State and the defendants presented evidence. At the conclusion of the *voir dire* examination the trial judge entered an order making full findings of fact on the basis of which he concluded that the search of both defendants was incident to a lawful arrest and that the evidence obtained by the search was admissible in evidence. In this we find no error.

[1] While defendants' testimony was in sharp conflict with that presented by the State, the State's evidence was sufficient to show the following: About 1:00 a.m. on 3 February 1971 three Charlotte police officers, sitting in an unmarked patrol car parked in the back parking lot at the Barringer Hotel, saw the defendants standing in front of the Robert Hall Clothing Store at the corner of 9th and College Streets. This was some three or four blocks from Hall's Clock Shop. At that time no other person was present. Defendant Gibson, with defendant Dewalt standing beside him, took some object about two feet long and with it broke a window in the clothing store. Both defendants then moved across the street but later came back. They left when a marked patrol car came down the street. The officers in the unmarked car next saw the defendants about fifteen minutes later, when the officers observed the defendants sitting together at the counter in the White Tower Restaurant. The officers recognized defendant Gibson as the person they had seen breaking the window at the Robert Hall Clothing Store and recognized defendant Dewalt as the person they had seen with Gibson when he did so. The officers thereupon immediately arrested both defendants. We agree with the trial court's ruling that the officers acted lawfully when they did so.

G.S. 15-41 contains the following:

"A peace officer may without warrant arrest a person:

(1) When the person to be arrested has committed a felony or misdemeanor in the presence of the officer, or when the officer has reasonable ground to believe that the

person to be arrested has committed a felony or misdemeanor in his presence; . . ."

Defendant Gibson committed at least a misdemeanor when he broke the window in the clothing store. G.S. 14-54(b). This occurred in the presence of the officers. The only other person present was the defendant Dewalt, who was standing beside Gibson when the latter broke the window, who then moved across the street and back with Gibson, who left the scene with Gibson when the marked police car appeared, and who was still with Gibson some fifteen minutes later when the officers found them together in the restaurant. Under the circumstances, we hold that the officers had reasonable ground to believe that Dewalt was actively aiding and abetting Gibson and was equally guilty with Gibson of at least the misdemeanor of window breaking. In this context, "[p]robable cause and 'reasonable ground to believe' are substantially equivalent terms," *State v. Harris,* 279 N.C. 307, 182 S.E. 2d 364, and "[t]he existence of 'probable cause,' justifying an arrest without a warrant, is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." 5 Am. Jur. 2d, Arrest, § 48, p. 740. In our opinion, the facts found by the trial judge on competent evidence would warrant legal technicians, as well as reasonable and prudent laymen, in believing both Dewalt and Gibson to be guilty of at least a misdemeanor in the breaking of the window at the Robert Hall Clothing Store. The arrest of both defendants without a warrant was lawful under G.S. 15-41(1).

[2] "A police officer may search the person of one whom he has lawfully arrested as an incident of such arrest." *State v. Roberts,* 276 N.C. 98, 171 S.E. 2d 440. In the present case, the search which the officers made when they "patted down" the defendants at the scene of the arrest was clearly a lawful incident of the arrest. The officers cut short that initial search because of the growing and hostile crowd. Since the danger from possible concealed weapons was not entirely eliminated by the initial quick search, it was reasonable to continue the search at the police station. In our opinion both the quick initial search at the scene of the arrest and the continuation of that search at the police station were lawful searches incident to the arrest of the defendants. The articles found as a result of such searches were properly admitted in evidence.

Appellants concede that if the evidence obtained as result of the searches was admissible, then *ex necessitate* their motions for dismissal were properly overruled.

We have carefully examined all of appellants' remaining assignments of error and find no prejudicial error such as would warrant the granting of a new trial. Accordingly, in the trial and judgments appealed from we find

No error.

Chief Judge MALLARD and Judge MORRIS concur.